IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TITO E. MARRERO, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:24-CV-288-E-BK |
| § | |
| DALLAS MAYORS OFFICE, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On February 5, 2024, Plaintiff Tito E. Marrero filed a complaint under 42 U.S.C. § 1983 and paid the filing fee. Doc. 3. The next day, Marrero filed an amended complaint, asserting claims under § 1983 for civil rights violations against the City of Dallas, the Mayor, the City Attorney's Office, and an unidentified realtor who works for the City. Doc. 5 at 1-2. At Marrero's requests, the Clerk of the Court issued summons for "A Relator [sic] Working for the City, City Attorney's Office, Dallas Mayors Office, Dallas New Building Department." Doc. 6.

At minimum, Marrero's amended complaint is inartfully pled. He alleges that he was "scammed duped, and defrauded by the City of Dallas" when he bought a "HUD home" that was defective. Doc. 5 at 1. He asserts that the "home was not fit to be on the market" because of

"construction defects," specifically plumbing. Doc. 5 at 3. Marrero states that although the home was new, "the plumbing/sewage … ruptured flooding" the entire home "with sewer water" and he had to move out, rendering him homeless. Doc. 5 at 3.

Marrero further contends that the realtor and the building inspection department participated in the fraud. Doc. 5 at 1. He states:

> This HUD home amounted to real estate fraud, RICO racketerring and other violations which may trangress the conspiracy statute codified in U.S.C. 371. This case entails Construction Fraud, Fidiciary Fraud, Embezzlement, deceptive business practices, damaging [Plaintiff's] credit history, where bribes and other corrupt activity led to pecuniary fraud.

Doc. 5 at 1 (errors in original). Marrero adds that he suffered damages as a result of the defective home and "invidious discrimination," and was "denied . . . due process of law at the City's Administrative review process." Doc. 5 at 1. Marrero maintains that because his credit report was also damaged as a result of Defendants' conduct, he is bringing this § 1983 action "to redress all the deprivations that are now causing denial to [his] applications to rent or obtain loans from lenders." Doc. 5 at 2.

Lastly, Marrero asserts:

> The Dallas U.S. Attorney's Office had two city council members arrested and indicted which explains what Plaintiff . . . went through with this realtor, builder, and the city of Dallas adminstrative process which denied [him] of his claims and due process of law after being scammed. This realtor Defendant Middlebrooks was certainly working under an unpermissible "conflict of interest" which hampered, thwarted, and undermined the loyalty and intergrety a realtor must have with the primary especially when buying a high dollar home such as this.

Doc. 5 at 3 (errors in original).

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

Likewise, the Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Marrero has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Although Marrero cites to 42 U.S.C. § 1983, his operative complaint contains no factual allegations that support any constitutional or federal statutory violation. He asserts broad allegations of fraud, deceptive business practices, and embezzlement. Marrero also mentions in passing RICO, racketeering, and due process violations. But the mere mention of a federal law or bare assertion of a federal claim is not enough to obtain federal question jurisdiction. Indeed, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ." *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

      Marrero also references the criminal "conspiracy statute," 18 U.S.C. § 371. Doc. 5 at 1. To the extent he intends to file a criminal complaint and allege criminal law violations in this Court, his request lacks any legal basis and thus cannot support a federal cause of action. Doc. 5 at 5, 15. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). However, Marrero has pled nothing that would even come close to meeting that burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen,

[the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

Finally, Marrero's pleadings make clear that Defendants are citizens of Texas, which defeats subject-matter jurisdiction on the basis of diversity. Doc. 5 at 1; *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted). And because the operative complaint does not present an adequate basis for federal question jurisdiction, and Marrero cannot rely on diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any possible state-law claims that Marrero may be attempting to assert. 28 U.S.C. § 1367(a).

Accordingly, the operative complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As demonstrated above, the facts as alleged in Marrero's complaint demonstrate a lack of subject matter jurisdiction in this Court that do not appear to be curable by amendment. Thus, granting leave to amend would be futile and cause needless delay. That notwithstanding, the 14-day period to object to this recommendation (further explained below) will permit Marrero to explain, if he can, how he can cure the jurisdictional deficiencies noted above if granted the opportunity.

## IV. CONCLUSION

For the foregoing reasons, Marrero's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on February 22, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).